THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM D. BURBANK and others, as Trustees, etc., v. JAMES R. ROBINSON, Treasurer of Richmond County.

*Payment, out of money raised for contingent expenses of county, of uncollected school taxes against non-residents — 1864, chap. 555, title 7, § 75 — amended by chap. 647, of 1865 — law cannot be executed.*

Appeal from a judgment for costs, entered against relators in a proceeding for a peremptory mandamus to compel the Treasurer of Richmond County to pay to the Relators, Trustees of School District No. 1, of the town of Middletown, in said county, the amount of three certain lists of non-resident taxes against lands in said district unpaid, and from an order denying a motion for a new trial.

By section 75 of Title 7 of chapter 555, Laws of 1864, as amended by chapter 647 of Laws of 1865, certain uncollected school taxes are required to be returned by the district collector to the trustees of the district. The trustees, by section 76 of the same law, are required to transmit the officer's return with a certificate of their own to the correctness of the same to the treasurer of the county. The treasurer is by section 77, directed to pay the amount of the uncollected tax " out of any moneys in the county treasury raised for contingent expenses." By subsequent sections of the law the treasurer is directed to lay the officer's return and the trustees certificate before the board of supervisors, " who shall cause the amount of such unpaid taxes to be relevied to reimburse the amount so advanced."

Under the provision of this act there was returned in District No. 1, Middletown, Richmond county, a list of unpaid school taxes in the year 1874, for $345.84. There were so returned for 1875, $429.67, and for 1876, unpaid taxes amounting to $608.41. The lists were properly, in each year, transmitted with the proper certificate to the county treasurer of the county, who neither paid the claim nor delivered the lists to the board of supervisors. The county treasurer during these years was Hugh McRoberts. McRoberts ceased to be treasurer of Richmond county in January,

1877, and the defendant was elected to fill his place. Soon after Robinson entered upon the duties of the office his attention was called to the lists and payment then asked from him. He then had no money. Afterwards he received money raised for contingent expenses and has paid it all out, and there is a deficiency of $5,000 or $6,000 to be made up before the creditors of the county can be paid. After the expenditure of the moneys called " contingent expenses" by the defendant he, as treasuerr, made legal warrants to the several claimants for the amounts due to them.. The trustees seek, by these proceedings, to compel payment of the three lists of unpaid taxes above stated by mandamus.

The court at General Term said: " In this particular case the evidence shows no money of any description in the treasury. As county treasurers are to receive the public money and pay the same out ' in the manner required by law,' and as the proof shows this to have been done, leaving debts against the county yet unpaid, no case for a mandamus is made out."

I am unable to perceive how the law can ever be executed under the present state of legislation. Boards of supervisors are bodies of limited powers. " Contingent expenses necessarily incurred for the use and benefit of the county " may be paid as county charges. These expenses may be raised in advance (1 R. S. 359), that is, the supervisors determine what sum is needed to meet a certain class of expenses to be necessarily incurred for the use and benefit of the county. The legislators by the law in question take a portion of this fund, representing certain county creditors, and divert it to pay uncollected district-school taxes. No power is given to the supervisors to raise the money in advance to do this, and thus the State Legislature seems to order money out of the county treasury, which is not there. One of two things must result from this state of things, either the boards of supervisors must illegally increase the sum raised for necessary expenses so as to include unpaid school taxes or the creditor for whom the " contingent expenses" are raised must go without his debt until the county is " reimbursed " by a new tax levy. I think the county creditor is entitled to be paid out of this contingent expressed portion of the general tax levy, before this uncollected

school tax, and that the treasurer is not bound to pay out money under this law raised for other purposes. The county cannot pay because it has not been empowered to raise the money. The supervisors cannot *lay* the tax on the uncollected list without payment. The law cannot in this respect be legally executed.

The judgment should be affirmed with costs.

*George P. Avery.* for the relator. *Theodore C. Vermilye,* for the defendant.

Opinion by BARNARD, P. J., GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed with costs.